125 N.J. Super. 355 (1973)
311 A.2d 20
JOSEPH TAMECKI, PETITIONER-RESPONDENT,
v.
JOHNS-MANVILLE PRODUCTS CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1973.
Decided November 7, 1973.
*357 Before Judges LEONARD, ALLCORN and CRAHAY.
Mr. Richard H. Thiele, Jr. argued the cause for appellant (Messrs. Wharton, Stewart & Davis, attorneys; Mr. Richard H. Thiele, Jr. and Ms. Joan L. Mott, on the brief).
Mr. Herbert Koransky argued the cause for respondent (Mr. Arthur D. Fialk, on the brief).
The opinion of the court was delivered by CRAHAY, J.A.D.
In this workmen's compensation case the sole issue presented on appeal is the propriety of the assessment of temporary disability benefits to petitioner who suffered serious and permanent injury to his left hand and wrist while in respondent's employ.
The record reflects that in June 1969 petitioner had completed his freshman year as a full-time student at Rutgers University and took summer employment with respondent. He suffered the involved accident on June 18, 1969 and was immediately hospitalized. Emergent surgery was effected and he was discharged from the hospital on June 27, 1969. He continued to receive treatment and respondent referred him to one Dr. Robert E. Carroll for a program of reconstructive surgery. He resumed his studies at Rutgers, as was his intention, as a full-time student at the beginning of the 1969 fall semester. Dr. Carroll, in furtherance of the reconstructive program, scheduled surgical procedures for (1) the Christmas recess of 1969, (2) June 1970 and (3) December 1970. The schedule was structured so as not to interfere with petitioner's educational program.
The Division of Workmen's Compensation entered a judgment awarding partial permanent disability and requiring payment of all medical expenses by respondent. Additionally, petitioner was awarded temporary disability benefits from the date of the accident up to the time of the resumption of his school work and for the time required for his last hospitalization for surgery by Dr. Carroll.
*358 Petitioner appealed to the County Court seeking additional temporary disability benefits. The County Court reversed the Division of Workmen's Compensation and awarded petitioner temporary disability benefits to cover the period from the date of the accident to June 1971 when petitioner was discharged from Dr. Carroll's care. This appeal challenges the increased temporary disability benefits.
The judge of compensation concluded, and we think correctly, that while petitioner was attending his college program he was not entitled to temporary disability benefits under the Act. N.J.S.A. 34:15-38 provides in pertinent part:
To calculate the number of weeks and fraction thereof that compensation is payable for temporary disability, determine the number of calendar days of disability from and including as a full day the day that the employee is first unable to continue at work by reason of the accident, including also Saturdays, Sundays and holidays, up to the first working day that the employee is able to resume work and continue permanently thereat; * * *.
Petitioner's essential argument is that since the condition to the injured part of his body had not been fixed and was not measurable as to partial permanent disability until June 1, 1970, the act mandated that he enjoy temporary disability benefits during that period. He relies in large measure on Monaco v. Albert Maund, Inc., 17 N.J. Super. 425 (App. Div. 1952), but we do not find that authority controlling. There, the true nature and extent of petitioner's injury and the ultimate course of his treatment were not ascertained until long after the compensable injury. Petitioner there was totally disabled and unemployable in any capacity, except for a very brief period, and was awarded temporary disability benefits from the date of the injury to the time when the permanent character of his injury had been ascertained (deducting the time when he briefly and unsuccessfully attempted employment.) Monaco (at 431) reminds us that generally temporary disability continues until the employee is able to resume work and continue permanently thereat, or until he is as far restored as the permanent character of *359 the injury will permit  the determinant date being whichever of these events happens first.
Petitioner places heavy reliance on the fact that Dr. Carroll, in August 1970 in an interim report, found that his total disability continued from June 18, 1969  the date of the accident  to the date of the report. We do not infer from that report that petitioner was unemployable in any capacity. The statute obviously does not contemplate that a petitioner be able to return to the identical employment he was engaged in at the time of a fateful event. We think Dr. Carroll's understanding of "total disability" is more clearly reflected by a later report of January 11, 1971 in which he concluded, "he [petitioner] is unable to use his left hand for work at this time but he is able to return to his duties at school."
The hard fact remains that petitioner was able to return to full-time studies in September 1969, some two months after the accident, as he intended. We are satisfied that when he returned to his college studies that that was the "first working day that the employee was able to resume work and continue permanently thereat * * *," within the meaning of the statute. He was able to drive his automobile and engage in other physical activities, albeit with some difficulty, and at the time of the hearing on his petition in January 1972 he was still attending his classes and anticipated graduating "on time." He was, in a word, able but unavailable to work because of his college program.
While attendance at school may not be regarded as "work" in common day parlance, it is oftimes, as here, a full-time undertaking and ordinarily is, among other things, a step in an individual's economic development. Our review of the record does not satisfy us that if petitioner had elected to remain in the labor market he would be "totally disabled" within the contemplation of the act. His ability to work may have been diminished and the areas of his employability narrowed, but he was compensated for those losses by the award for partial permanent disability.
*360 Accordingly, we hold that petitioner did not suffer any loss of wages as a direct result of his compensable injury beyond that awarded by the judge in the Division of Workmen's Compensation. As we said in Electronic Associates, Inc. v. Heisinger, 111 N.J. Super. 15 (App. Div. 1970), certif. den. 57 N.J. 139 (1970):
* * * Temporary disability benefits within the intendment of workmen's compensation legislation represent a "partial substitute for loss of current wages." * * *
Petitioner here is entitled to no award for temporary disability because she suffered no current wage loss as a result of an ailment attributable to her occupation. Rather, her loss of wages was the direct result of the voluntary termination of her employment. The reason for cessation of work was for a cause totally unrelated to her employment [she was pregnant].
We do not construe the concept of temporary disability to include wage loss claims by those who have voluntarily terminated their employment for reasons unrelated to that employment. So to hold would depend upon creating a fictitious wage-earning status for the unemployed workman and run counter to the manifest tenor of N.J.S.A. 34:15-38  the statutory method for calculating the period for which temporary disability benefits shall be awarded. * * *
This interpretation of temporary disability benefits is not only consistent with the beneficent purposes of workmen's compensation laws but also harmonizes with the comprehensive design of other legislation intended to benefit the labor force. Individuals in situations comparable to that of petitioner are not left without remedy. They are entitled to receive permanant disability awards and, where authorized, medical expenses, N.J.S.A. 34:15-30 to 35, N.J.S.A. 34:15-15 * * *. [at 20]
Accordingly, the County Court's award of additional temporary disability benefits is reversed and the judgment of the Division is affirmed.